ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
IRA A. DAVES
Assistant United States Attorney
California Bar No. 156724
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2443
    Fax: (213) 894-7819
    E-Mail: Ira.Daves@usdoj.gov

Attorneys for Defendant Eric H. Holder, Jr., Attorney General of the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUGENE EVAN BAKER, | NO. CV 10-3996-SVW(AJWx) |
| Plaintiff, | |
| v. | Date: October 4, 2010<br>Time: 1:30 p.m. |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL, | |
| Defendant. | Hon. Stephen V. Wilson<br>United States District Judge |

(1) <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>; AND

(2) <u>MEMORANDUM OF POINTS AND AUTHORITIES.</u>

1

<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Monday, October 4, 2010 at 1:30 p.m., or as soon thereafter as the parties may be heard, Defendant will bring on for hearing a motion to dismiss this action in its entirety. The hearing will take place before the Honorable Stephen V. Wilson, United States District Judge, in his Courtroom, Courtroom 6, 312 N. Spring Street, Los Angeles, California 90012.

The Motion, which is brought under Fed.R.Civ.P. 12(b)(1) & 12(b)(6), is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and on such other and further arguments, documents and grounds as may be advanced before, during, and after the hearing on this matter.

<u>STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-3</u>

The parties conducted the mandatory pre-filing conference of counsel on July 15, 2010.

Respectfully submitted,

DATED: August 20, 2010        ANDRÉ BIROTTE JR.
                              United States Attorney
                              LEON W. WEIDMAN
                              Assistant United States Attorney
                              Chief, Civil Division


                              /s/ Ira A. Daves
                              IRA A. DAVES
                              Assistant United States Attorney
                              Attorneys for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

In this action for Declaratory and Injunctive Relief, Plaintiff Eugene Evan Baker ("Baker") seeks an Order from this Court declaring that he "may lawfully own, possess and use a firearm" under the Second Amendment of the Constitution. (Complaint ¶ 1)

On September 29, 1997, Baker was convicted in California of domestic violence, a misdemeanor. (*Id.* at ¶¶ 1 & 9)  On October 20, 1997, he was sentenced to three-years probation. (*Id.* at ¶ 10)  One of the conditions of his probation was that he not own possess or have access to a firearm for a period of ten (10) years. (*Id.*)  On June 19, 2002, after successfully completing probation, Baker's conviction was, according to Baker, "expunged and set-aside" under California Penal Code § 1203.4. (*Id.* at ¶¶ 1, 11 & 12)  The original ten-year prohibition on Baker's possession or use of a firearm expired on October 20, 2007. (*Id.* at ¶ 14)[1]

Baker does not claim that Defendant has brought charges against him for unlawful possession of a firearm.  He does not claim that he was unlawfully denied a firearm, nor does he claim that he has even ever applied to purchase a firearm at any time since 2002.  He claims simply that, in June 2009, an employee of Ojai Valley Surplus, a firearms dealer, advised him that federal law prohibits him from purchasing a firearm.  (*Id.* at ¶ 15)

---

[1] On March 11, 2010, a California court declared that Baker "is entitled to purchase, own and possess firearms consistent with the laws of the State of California." (*Id.* at ¶ 17 & Exhibit 2 to Complaint)

Baker has apparently filed this federal suit in order to enjoin Defendant from prosecuting him, in the event that he one day "be found to own, possess or use a firearm." (*Id.* at ¶ 5)

This action should be dismissed in its entirety under Fed.R.Civ.P. 12(b)(1), because Baker has sustained no actual injury nor is there an actual threat of federal prosecution. Even if Baker had standing or were able to present claims that were ripe, this action should nevertheless be dismissed under Fed.R.Civ.P. 12(b)(6) because Baker's claims are squarely foreclosed by the Ninth Circuit's decision in <u>Jennings v. Mukasey</u>, 511 F.3d 894 (9th Cir. 2007).

## ARGUMENT

### I. THIS CASE DOES NOT PRESENT A LIVE CONTROVERSY.

The Constitution limits the federal judicial power to designated "cases" and "controversies." U.S. Constitution, Article III, § 2. Justiciability embraces well-settled limitations on federal court jurisdiction. No justiciable controversy is presented, for example, when the plaintiff lacks standing to sue. *See* <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Similarly, no live controversy exists when the claim is not yet ripe for review. <u>Thomas v. Union Carbide Agricultural Prod. Co.</u>, 473 U.S. 568, 580, 105 S.Ct. 3325, 3332, 87 L.Ed.2d 409 (1985). Neither of these jurisdictional limitations is satisfied here.

/ / /

A. <u>Standing.</u>

To establish "a case or controversy" within the meaning of Article III, at a minimum, the plaintiff must show an "injury in fact" that is concrete and not conjectural. <u>Lujan</u>, 504 U.S. at 560-61, 112 S.Ct. 2130, 2136; <u>Baker v. Carr</u>, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). This requirement tends to assure that plaintiffs have a sufficient stake in the outcome of the suit to make it a live controversy. *See* <u>Bullfrog Films, Inc. v. Wick</u>, 847 F.2d 502, 506 (9th Cir. 1988).

Baker does not claim that Defendant has brought charges against him for unlawful possession of a firearm. He does not claim that he was unlawfully denied a firearm, nor does he claim that he has even ever applied to purchase a firearm at any time since 2002. He alleges simply that an employee of Ojai Valley Surplus, a firearms dealer, advised him that federal law prohibits him from purchasing a firearm. Because Baker does not allege that he took some action to obtain a firearm, beyond soliciting the legal advice of a firearms dealer, his claim of constitutional deprivation is based on sheer conjecture.

B. <u>Ripeness.</u>

The ripeness doctrine prevents premature adjudication. As in cases involving no injury in fact, the ripeness doctrine is aimed at cases that do not yet have a concrete impact upon the parties arising from an actual dispute. <u>Thomas</u>, 473 U.S. at 580, 105 S.Ct. at 3332. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as

anticipated, or indeed may not occur at all." <u>Texas v. United States</u>, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks omitted).

Here, Defendant has not criminally prosecuted Baker, or notified him that he will be prosecuted, for unlawful possession or use of a firearm. Indeed, Baker fails to allege that he owns or has even applied to purchase a firearm. Because Baker requests a judgment based on a right he may never assert, his case cannot be brought in an Article III court.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In 1996, Congress amended the Gun Control Act ("GCA") to make it unlawful for any person convicted of a misdemeanor crime of domestic violence to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9). "Persons who have had [misdemeanor crime of domestic violence] convictions are prohibited by 18 U.S.C. § 922(g)(9) from, among other things, transporting, shipping, possessing, or receiving firearms." <u>Jennings v. Mukasey</u>, 511 F.3d 894, 898 (9th Cir. 2007).

In his Complaint, Baker's alleges that he should be permitted to possess or use a firearm, notwithstanding the express prohibition of 18 U.S.C. § 922(g)(9), because his conviction was "expunged and set-aside" by a California court

4

1 | under California Penal Code § 1203.4.  (Complaint at ¶¶ 1, 11 &
2 | 12)  Baker's claim is foreclosed by <u>Jennings v. Mukasey</u>, 511 F.3d
3 | 894 (9th Cir. 2007).  Like Baker, the plaintiff in <u>Jennings</u>
4 | claimed that he was entitled to possess and use a firearm,
5 | because his prior conviction for domestic violence had been
6 | "expunged" by a California court under § 1203.4.  <u>Jennings</u>, 511
7 | F.3d at 898.  The Ninth Circuit held that the state court order
8 | under § 1203.4 "did not expunge [the plaintiff's] conviction for
9 | purposes of 18 U.S.C. § 922(g)(9).

10 |     Baker also alleges that his "right to bear arms" is
11 | "revived" by 18 U.S.C. § 921(a)(33)(B)(ii), which provides, in
12 | pertinent part, that persons with domestic violence convictions
13 | may possess firearms if they have been pardoned or have had their
14 | civil rights restored.  (Complaint ¶ 26)  However, that position
15 | is also foreclosed <u>Jennings</u>.  *See* <u>Jennings</u>, 511 F.3d at 900-01
16 | (noting that the plaintiff's expungement order "did not purport
17 | to restore his civil rights").  Here, Baker's Complaint attaches
18 | the transcript of the state court proceeding in which the court
19 | expressly declined to restore his civil rights under the Second
20 | Amendment, stating: "I'm going to line out his second amendment
21 | right to bear arms is hereby fully restored.  And my order will
22 | then say that Mr. Baker is entitled to purchase, own and possess
23 | firearms consistent with the laws of the State of California."

26 | / / /

28 |                            5

CONCLUSION

For the reasons set forth above, Defendant requests that his Motion be granted.

Respectfully submitted,

DATED: August 20, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


/s/ Ira A. Daves
IRA A. DAVES
Assistant United States Attorney
Attorneys for Defendant

6