```
 1  LAW OFFICES OF FRANKLIN S. ADLER
    State Bar Number: 056417
 2  424 South Beverly Drive
    Beverly Hills, California 90212
 3  Office: (310) 553-8533
    FAX: (310) 553-8237
 4  E-Mail Address: FSAdlerLaw@aol.com

 5  Attorney for Plaintiff
         EUGENE EVAN BAKER
 6

 7
                    UNITED STATES DISTRICT COURT
 8
                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
 9
                            WESTERN DIVISION
10

11
```

| | |
|---|---|
| EUGENE EVAN BAKER,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ERIC H. HOLDER, JR., in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, with offices at 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530-0001<br><br>　　　　　　　　Defendant. | **Case No: CV 10-3996-SVW(AJWx)**<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE PLAINTIFF'S RESPONSE DATE TO DEFENDANT'S MOTION TO DISMISS AND CONTINUANCE OF HEARING DATE, DECLARATION OF COUNSEL.**<br>**[L.R 7-11]**<br><br>Complaint served on USAO: 5/27/10<br>Current Response Due: 9/13/10<br>Requested Response Date: 10/4/10<br>Requested Hearing Date: 10/25/10<br><br>Hon. Stephen V. Wilson<br>United States District Judge |

_____

1  Plaintiff hereby moves to continue his response date to
2  defendant's Motion to Dismiss the within Complaint for three weeks
3  to October 4th, 2010, and continue the within Hearing date to Monday,
4  October 25th, 2010.
5  This Motion to Continue is supported by good cause as
6  demonstrated in the attached Declaration of Franklin S. Adler.
7  This Motion is unopposed.  (Please see Paragraph 14 of the
8  attached Declaration of Franklin S. Adler.)
9  Dated: September 15, 2010

Respectfully submitted,

LAW OFFICES OF FRANKLIN S. ADLER

/s/
_____
FRANKLIN S. ADLER
Attorney for Plaintiff
  EUGENE EVAN BAKER

_____
- 2 -

**DECLARATION OF FRANKLIN S. ADLER IN SUPPORT**

**OF MOTION TO CONTINUE RESPONSE DATE TO**

**DEFENSE MOTION TO DISMISS**

I, FRANKLIN S. ADLER, declare as follows:

1. I am an attorney at law admitted to practice before all courts in the State of California and before this Court. I represent Plaintiff EUGENE EVAN BAKER in this matter.

2. Upon receipt of defendant's Motion to Dismiss the within Complaint, I had further discussions with Plaintiff concerning his contact with Ojai Valley Surplus as mentioned in Paragraph 15 of the within Complaint.

3. I learned that rather than merely inquire as to his ability to purchase a firearm, he attempted to purchase two firearms, paid for them and completed the necessary Federal form for firearm purchase. I further learned that Plaintiff and Ojai Valley Surplus were subsequently informed that the Bureau of Firearms of the California Department of Justice declared Plaintiff was prohibited from purchasing or possession pursuant to "the Federal Brady Act."

4. It was, and remains, my considered opinion that this information specifically moots the Standing and Ripeness issues raised by defendant in its Motion to Dismiss.

5. On August 24th, 2010, in response my request to Plaintiff, I received documents from Plaintiff confirming the facts stated in Paragraph 3, *supra*.

6. Given the possession of said documents, I drafted an amended Paragraph 15 of the within Complaint on August 27th, 2010, reading as follows:

15. On June 8th, 2009, plaintiff attended a Ventura County Gun show and examined firearms at the booth of Ojai Valley Surplus [a federally-licensed firearms dealer]. Plaintiff fully and honestly completed a "Dealer's Record of Sale of Firearm," and paid for the purchase of two firearms and two federally-mandated firearm transfer fees (one for each weapon) subject to the mandatory 10-day waiting period before either firearm could be received. (Attached hereto is Exhibit 4, a copy of said form, and incorporated herein by reference as though fully set forth at this place.) The information contained on the form was transmitted to the Bureau of Firearms of the Division of Law Enforcement of the California Department of Justice [hereinafter "Bureau" or "DOJ"]. On the same date the Bureau sent Ojai Valley Surplus a letter stating, *inter-alia*, that plaintiff "is a person not eligible to posses (sic) a firearm," (Attached hereto is Exhibit 5, a copy of said June 8, 2009, DOJ letter, and incorporated herein by reference as though fully set forth at this place.) Ojai Valley Surplus refunded the monies paid and Plaintiff never obtained those weapons.

On August 25th, 2010, in response to an inquiry from plaintiff's counsel, the Bureau sent plaintiff a letter explaining why his firearms purchase had been rejected. The letter states that the DOJ had "...identified a record in a state or federal database which indicates that you are prohibited by state and/or federal law from purchasing or possessing firearms." The specific reason given is "Misdemeanor domestic violence convictions (273.5PC, 243(E)(1)PC Convictions over 10 years old)-Federal Brady Act, effected November 30, 1998." (Attached hereto is Exhibit 6, a copy of said August 25, 2010, DOJ letter, and incorporated herein by reference as though fully set forth at this place.) [The Exhibits mentioned hereinabove shall be included in Plaintiff's Response.]

7. On the same date, I telephoned and left a message for A.U.S.A. Daves, counsel for defendant, informing him of this information and requested a meeting with him.

8. Several back-and-forth missed telephone calls later, on September 1st, 2010, I spoke to Mr. Daves and promptly FAXed him a copy of the amended Paragraph 15 and the supporting documents.

9. On September 7th, 2010, in an effort to both limit or reduce the issues before the court, I both left telephone messages and FAXed an inquiry to Mr. Daves asking if he would stipulate to my moving to file a First Amended Complaint, including the amended Paragraph 15.

10. On September 8th, 2010, I received a FAX from Mr. Daves requesting that I forward to him a proposed stipulation for leave to file a First Amended Complaint, including a provision that Defendant will have thirty days to respond.

11. On September 10th, 2010, I drafted the proposed Stipulation and both e-mailed and FAXed said document to Mr. Daves.

12. On September 13th, 2010, at 4:13 P.M., I received a telephone call from Mr. Daves telling me that there should not be a problem with his stipulating to the filing of a First Amended Complaint.

12. When I arrived at my office in the morning of Tuesday, September 14th, 2010, I found a FAX from Mr. Daves consisting of extensive handwritten amendments to my proposed Stipulation, thereby giving every indication that, upon his receipt of a formal, amended Stipulation, he would sign it on behalf of the defendant. I promptly incorporated those amendments into a finished Stipulation.

13. On September 14, at 9:25 A.M., I received a telephone call from Mr. Steve Stassi, assistant to Mr. Daves. Mr. Stassi told me that because Mr. Daves was not in the office, upon his (Stassi's) receipt of the amended Stipulation (by FAX from me), he would give the materials to Mr. Dave's supervisor for further processing.

14. On September 14th, 2010, at 1:30 P.M., I received a telephone call from Ms. Julie Zatz, Assistant Division Chief of the

Civil Division.  She informed me that she had received my proposed Stipulation approximately one hour prior to her call, had read it and that was not going to sign it.  She afforded me the opportunity to explain my reasons for proposing the Stipulation but she believed that a formal amendment of the Complaint would be futile given that the dispositive issue in the matter was whether or not plaintiff was entitled to possess a firearm.  Given the amended Paragraph 15, I concurred with her observation but emphasized that the proposed amended Complaint would serve to reduce or eliminate the Standing and Ripeness issues raised in the Motion to Dismiss and save all parties, including the Court, time and effort.  She reiterated her statement that it would be "futile" to proceed with a First Amended Complaint and that the Defendant would not stipulate.

When I told her of my intermittent, extensive communications with Mr. Daves, what I understood to be his intended stipulation, and that his absence from the office brought us to and beyond my time to respond to the Motion to Dismiss, she stated that the Defendant would not oppose this Motion to Continue and graciously consented to my including her statement of non-opposition in this Declaration.

15. Given the information contained in my proposed amended Paragraph 15, its' signal applicability to the Standing and Ripeness issues now before the Court, my attempt to reduce the effort to be expended in resolving those issues, my difficulties in communicating with Mr. Daves given his absence from the office, the change in Defendant's position from a probable stipulation to a rejection of that stipulation, and the promptness of this Motion, it is
/ / /

respectfully urged that the Court grant the within Motion to Continue Plaintiff's Response Date to Defendant's Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed September 15, 2010.

_____/s/_____
FRANKLIN S. ADLER

-7-