ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DAVID A. DeJUTE
Assistant United States Attorney
California Bar No. 153527
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:    (213) 894-2443
    Facsimile:    (213) 894-7819
    email: david.dejute@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE EVAN BAKER, | ) | NO. CV 10-3996-SVW(AJWx) |
| | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Date: October 25, 2010 |
| | ) | Time: 1:30 p.m. |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
|     Defendant. | ) | Hon. Stephen V. Wilson |
| _____ | | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

Nothing contained within Plaintiff's opposition undermines the grounds set forth in the motion to dismiss. Plaintiff's supplemental facts as to standing and ripeness cannot be properly alleged in an opposition. Moreover, this Court is not free to disregard binding Ninth Circuit precedent which is directly on point.

Accordingly, this Court is respectfully requested to dismiss Plaintiff's complaint in its entirety.

### II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

**A.    PLAINTIFF'S CLAIM FAILS TO PRESENT A LIVE CONTROVERSY**

For the reasons set forth in the motion to dismiss, the claim presented by the complaint is jurisdictionally defective. In his opposition, Plaintiff sets forth facts, for the first time, which *may* be sufficient to confer standing and which *may* be sufficient to present a case or controversy which is ripe. The facts as alleged in the complaint, however, fail to present a live controversy.

If Plaintiff believes that additional true facts can be alleged to correct the jurisdictional defects, then he should ask leave of court to amend his complaint to allege those facts. As currently alleged in the complaint, however, Plaintiff fails to set forth a jurisdictionally sound case or controversy, and it is respectfully requested that the complaint be dismissed.

///

**B.**   **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Any amendment to the complaint to correct the jurisdictional defects of standing and ripeness, however, would be futile, as Plaintiff's complaint would still fail to state a claim.  As more fully set forth in the motion, binding Ninth Circuit precedent forecloses Plaintiff's claim.  See Jennings v. Mukasey, 511 F.3d 894 (9th Cir. 2007).  Like Plaintiff, the plaintiff in Jennings claimed that he was entitled to possess and use a firearm, because his prior conviction for domestic violence had been "expunged" by a California court under § 1203.4.  Jennings, 511 F.3d at 898.  The Ninth Circuit held that the state court order under § 1203.4 "did not expunge [the plaintiff's] conviction for purposes of 18 U.S.C. § 922(g)(9)."

Plaintiff seems to agree that a literal reading of Jennings forecloses his claim.  See Opposition, 15-17.  Plaintiff instead urges this Court to ignore the holding of Jennings and to issue an order directly contrary to this Ninth Circuit opinion which was recently issued in 2007.  See Opposition, 17 ("plaintiff submits that Jennings has no precedential value and should not be followed").  In his opposition, Plaintiff then sets forth all of the reasons that, *in his opinion*, Jennings was wrongly decided. See Opposition, 15-21.

Notwithstanding the strength with which Plaintiff or his counsel may hold such an opinion, Plaintiff's legal reasoning is based on cases decided before Jennings, all of which the Jennings court had available to it and which that court is presumed to have considered.  The only cases decided after Jennings are two

2

Supreme Court cases which do not overrule <u>Jennings</u> and which the Plaintiff concedes do not directly address the issues presented by this motion.  <u>See</u> Opposition, 21.

In short, the Federal Defendant has cited a controlling Ninth Circuit case which was recently decided and which forecloses Plaintiff's claims.  Plaintiff's only recourse is to urge this court to ignore binding precedent because, in Plaintiff's opinion, the Ninth Circuit wrongly decided <u>Jennings</u>. Respectfully, this Court is not free to ignore a Ninth Circuit decision directly on point.

**III**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Federal Defendant respectfully requests this Court to grant the motion and to dismiss the Plaintiff's complaint with prejudice.

Respectfully submitted,

DATED: October 8, 2010          ANDRÉ BIROTTE JR.
                                United States Attorney
                                LEON W. WEIDMAN
                                Assistant United States Attorney
                                Chief, Civil Division

                                */s/ David A. DeJute*
                                DAVID A. DeJUTE
                                Assistant United States Attorney
                                Attorneys for Federal Defendant

3
