UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE EVAN BAKER,<br><br>             Plaintiff,<br><br>        v.<br><br>ERIC H. HOLDER, JR.,<br>ATTORNEY GENERAL<br><br>             Defendants. | NO. CV 10-3996-SVW (AJWx)<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS COMPLAINT<br>WITH PREJUDICE [6]<br><br>JS6 |

**I.   BACKGROUND**

On May 27, 2010, Eugene Evan Baker ("Plaintiff") filed a Complaint seeking declaratory and injunctive relief from the Attorney General so he could purchase a firearm. Plaintiff was convicted of a misdemeanor crime of domestic violence ("MCDV") in California in 1997. Compl. ¶ 1. Under 18 U.S.C. § 922(g)(9) ("The Gun Control Act"), Congress has made it "unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence . . . to possess . . . any firearm." Title 18, U.S.C. § 921(33)(B)(ii) carves out an exception to this general rule, stating, "A person shall not be considered to have

been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside . . . unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not . . .possess . . . firearms."

In 2002, that conviction was set aside, or "expunged" under Cal. Penal Code § 1203.4.[1]  Compl. ¶ 1.  The expungement order was silent as to Plaintiff's rights to possess firearms.  Based solely on these facts alone in his Complaint, Plaintiff asks this Court to "Issue a judicial Declaration that since October 20th, 2007, [Plaintiff] has been entitled to exercise his rights under the Second Amendment to the Constitution of the United States and that he is entitled under federal law to purchase . . . firearms . . . without risk and threat of prosecution. . . ."  Compl. ¶ 2.

The Attorney General ("Defendant") then filed a Motion to Dismiss Under FRCP 12(b)(1), arguing Plaintiff had suffered no injury in fact and the case was not ripe.  In addition, under FRCP 12(b)(6), Defendant argued that <u>Jennings v. Mukasey</u>, 511 F.3d 894 (9th Cir. 2007), squarely disposed of Plaintiff's Complaint.

In response, Plaintiff improperly supplemented the facts in his Complaint in his Opposition to Defendant's Motion.  Plaintiff added that on June 8th, 2009, Plaintiff went to a gun show and attempted to

---

[1] The Court notes that Plaintiff's briefs and complaint assert the position that the set aside was completed under California Penal Code Section 1203.4 subdivision (a), not Section 1203.4a. In relevant part, California Penal Code Section 1203.4(a) states:
    "In any case in which a defendant has fulfilled the conditions of probation . . . the court shall set aside the verdict of guilty . . . and dismiss the accusations . . . against the defendant and . . . he or she shall thereafter be released formal penalties and disabilities resulting from the offense of which he or she has been convicted. . . ."

2

purchase a firearm. Upon tendering the payment and applying for the weapon, Plaintiff was rejected because of his prior MCDV. After Plaintiff's counsel requested a response from the California Department of Justice, Plaintiff discovered that he was on a list of people prohibited from purchasing firearms under the Gun Control Act and state laws. Plaintiff then went to Superior Court, requested, and received, a declaration stating he was free to purchase firearms under the laws of the State of California under the terms of his expungement. However, he is currently still barred from purchasing a firearm under the Federal Gun Control Act.

## II. MOTION TO DISMISS

### A. Legal Standard

A challenge to the Court's jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion may be based on a facial challenge to the sufficiency of the jurisdictional allegations in the complaint. "[W]hen this type of attack is mounted, the court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." Nasoordeen v. FDIC, No. CV 08-05631 MMM (AJWx), 2010 WL 1135888 at *5 (C.D. Cal., Mar. 17, 2010) (citing Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000)).

On a 12(b)(6) Motion to Dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1951).

When a court grants a motion to dismiss, ordinarily "any dismissal[,] . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[,] operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  However, the court may specify that the dismissal is without prejudice to refiling the claim in a separate action. See, e.g., Swaida v. Gentiva Health Services, 238 F. Supp. 2d 325, 328 (D. Mass. 2002) ("dismissal [is] presumed to be with prejudice unless the order explicitly states otherwise"); Seaweed, Inc. v. DMA Product & Design & Marketing LLC, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002) (when dismissal "does not operate on the merits" it "should not issue with prejudice").  In addition, the court may grant the plaintiff leave to amend a deficient claim "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

**B.   Standing and Ripeness as a Basis to Dismiss Under FRCP 12(b)(1)**

The Court finds that the Complaint, as currently pled, is insufficient in presenting a live controversy under Article III, §2. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  To establish a "case or controversy," Plaintiff must show an "injury in fact" that is concrete and not conjectural.  Lujan, 504 U.S. at 560-61. Similarly, "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated."  Texas v. United States, 523 U.S. 296, 300 (internal quotation marks omitted).

4

Here, Plaintiff's Complaint only states that he was convicted of a prior misdemeanor crime of domestic violence and that this crime had been "expunged" by the State of California. As discussed above, Plaintiff's Complaint does not allege that he ever attempted to purchase a firearm or that he was ever denied. These facts are instead improperly included in Plaintiff's arguments in the Opposition to Defendant's Motion to Dismiss. As discussed in Part II.A., a complaint must plead sufficient facts to establish the Court's jurisdiction to survive a 12(b)(1) motion to dismiss. Here, Plaintiff's complaint does not establish Article III jurisdiction because he fails to allege that he faces any concrete injury in fact or that Defendant may ever attempt to hinder his rights to own a firearm.

Plaintiff has not sought to amend his Complaint. Thus, the Complaint should be dismissed without prejudice for this reason alone.

### C. *Jennings* as a Basis to Dismiss With Prejudice Under FRCP 12(b)(6)

Defendant also argues that regardless of whether Plaintiff's additional facts in his Opposition are included in the Complaint, under the Ninth Circuit's recent interpretation of this very issue, Plaintiff's complaint cannot state a claim upon which relief can be granted under FRCP 12(b)(6).

In Jennings, a petitioner sought a review of the Bureau of Alcohol, Tobacco, and Firearms' ("ATF") denial of his application for a renewal of a firearms license. Jennings, 511 F.3d at 896. The petitioner had previously been convicted in California of a MCDV and had his conviction expunged by a 1999 expungement order, similar to the Plaintiff's expungement order in this case. Id. The petitioner argued that under 18 U.S.C. § 921(33)(B)(ii) and because of his expungement

5

pursuant to California Penal Code Section 1203.4 subd. (a), he was not prohibited by the Federal Gun Control Act in possessing firearms. <u>Id.</u> Nonetheless, the Ninth Circuit found that a state court order under § 1203.4 subd. (a) did not "expunge" the petitioner's conviction for the purposes of 18 U.S.C. § 922(g)(9), which prohibits those convicted of a misdemeanor crime of domestic violence from possessing firearms.[2] <u>Id</u>. at 898-99.

It is undisputed that Plaintiff makes the same argument that the petitioner made in <u>Jennings</u>. Opp'n at 15-16. Instead, Plaintiff suggests that this court should not follow binding Ninth Circuit precedent because "the <u>Jennings</u> opinion is worthless as precedent." Opp'n at 16. Plaintiff cites to Supreme Court cases and Ninth Circuit decisions predating <u>Jennings</u>, urging the Court to decide the issue differently. However, none of these cases change the fact that <u>Jennings</u> precisely controls this case. Plaintiff also cites to two Supreme Court cases after <u>Jennings</u>, <u>District of Columbia v. Heller</u>, 544 U.S. __ (2008) and <u>McDonald v. City of Chicago</u>, 561 U.S. ___) (2010), which hold that rights under the Second Amendment are fully applicable to the states. Plaintiff claims these cases "evidence a growing acceptance and expansion of the right to bear arms." Opp'n 21. Whether or not this is true, as Plaintiff himself admits, "neither case specifically addresses the issues brought forth herein." Opp'n 21.

---

[2] The Court notes that the <u>Jennings</u> court did not reach the issue of whether 1203.4a, rather than 1203.4 subd. (a), would require the same result. <u>Id.</u> at 899-900. However, it is undisputed in this case that Plaintiff received an "expungement" under 1203.4 subd. (a), which was in fact addressed by <u>Jennings</u>.

**III. CONCLUSION**

Plaintiff's Complaint is initially deficient for failing to plead facts establishing a case or controversy under Article III, §2. However, even if the additional facts stated in Plaintiff's Opposition were pled in Plaintiff's Complaint, Plaintiff's arguments are directly controlled by Jennings.

Having cited no contravening authority on point after Jennings, Plaintiff cannot succeed in this case. The Court has no power to disregard binding precedent as the Plaintiff urges. Thus, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: October 26, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE