Name: Eugene Baker
Address: 3742 Groves Place
City, State, Zip: Somis, CA, 93066
Phone: 805 386 0512 home, 805 276 3792 cell
Fax:
E-Mail: ebaker3742@hotmail.com

☐ FPD  ☐ Appointed  ☐ CJA  ☒ Pro Per  ☐ Retained

FILED
2011 JAN -7 AM 10: 43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Eugene Baker,

PLAINTIFF(S),

v.

Eric Holder, et al.,

DEFENDANT(S).

CASE NUMBER:

CV 10-3996-SVW (AJWx)

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that _____Eugene Baker_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   dismissing the complaint with prejudice

☐ Judgment (specify):

☐ Other (specify):

PAID
JAN 7 2011
Clerk, US District Court
CRT 46-2

Imposed or Filed on ____10/26/10____. Entered on the docket in this action on ___10/27/10___.

A copy of said judgment or order is attached hereto.

December 22, 2010
Date

Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

Note:  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                              NOTICE OF APPEAL

```
Court Name: U.S. District Court
Division: 2
Receipt Number: LA007143
Cashier ID: jacash
Transaction Date: 01/07/2011
Payer Name: BURNCOAT LIGHT TECHOLOGIES
------------------------------------
NOTICE OF APPEAL/DOCKETING FEE
 For: BURNCOAT LIGHT TECHOLOGIES
 Case/Party: D-CAC-2-10-CV-003996-001
 Amount:         $455.00
------------------------------------
CHECK
 Check/Money Order Num: 2945
 Amt Tendered:   $455.00
------------------------------------
Total Due:       $455.00
Total Tendered:  $455.00
Change Amt:      $0.00


No refunds without original
receipt. Returned checks will be
assessed a fee of $45.00.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE EVAN BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC H. HOLDER, JR.,<br>ATTORNEY GENERAL<br><br>　　　　　Defendants. | NO. CV 10-3996-SVW (AJWx)<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS COMPLAINT<br>WITH PREJUDICE [6]<br><br>JS6 |

I.　**BACKGROUND**

　　On May 27, 2010, Eugene Evan Baker ("Plaintiff") filed a Complaint seeking declaratory and injunctive relief from the Attorney General so he could purchase a firearm. Plaintiff was convicted of a misdemeanor crime of domestic violence ("MCDV") in California in 1997. Compl. ¶ 1. Under 18 U.S.C. § 922(g)(9) ("The Gun Control Act"), Congress has made it "unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence . . . to possess . . . any firearm." Title 18, U.S.C. § 921(33)(B)(ii) carves out an exception to this general rule, stating, "A person shall not be considered to have

been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside . . . unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not . . .possess . . . firearms."

In 2002, that conviction was set aside, or "expunged" under Cal. Penal Code § 1203.4.[1] Compl. ¶ 1. The expungement order was silent as to Plaintiff's rights to possess firearms. Based solely on these facts alone in his Complaint, Plaintiff asks this Court to "Issue a judicial Declaration that since October 20th, 2007, [Plaintiff] has been entitled to exercise his rights under the Second Amendment to the Constitution of the United States and that he is entitled under federal law to purchase . . . firearms . . . without risk and threat of prosecution. . . ." Compl. ¶ 2.

The Attorney General ("Defendant") then filed a Motion to Dismiss Under FRCP 12(b)(1), arguing Plaintiff had suffered no injury in fact and the case was not ripe. In addition, under FRCP 12(b)(6), Defendant argued that <u>Jennings v. Mukasey</u>, 511 F.3d 894 (9th Cir. 2007), squarely disposed of Plaintiff's Complaint.

In response, Plaintiff improperly supplemented the facts in his Complaint in his Opposition to Defendant's Motion. Plaintiff added that on June 8th, 2009, Plaintiff went to a gun show and attempted to

---

[1] The Court notes that Plaintiff's briefs and complaint assert the position that the set aside was completed under California Penal Code Section 1203.4 subdivision (a), not Section 1203.4a. In relevant part, California Penal Code Section 1203.4(a) states:
"In any case in which a defendant has fulfilled the conditions of probation . . . the court shall set aside the verdict of guilty . . . and dismiss the accusations . . . against the defendant and . . . he or she shall thereafter be released formal penalties and disabilities resulting from the offense of which he or she has been convicted. . . ."

purchase a firearm. Upon tendering the payment and applying for the weapon, Plaintiff was rejected because of his prior MCDV. After Plaintiff's counsel requested a response from the California Department of Justice, Plaintiff discovered that he was on a list of people prohibited from purchasing firearms under the Gun Control Act and state laws. Plaintiff then went to Superior Court, requested, and received, a declaration stating he was free to purchase firearms under the laws of the State of California under the terms of his expungement. However, he is currently still barred from purchasing a firearm under the Federal Gun Control Act.

## II. MOTION TO DISMISS

### A. Legal Standard

A challenge to the Court's jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion may be based on a facial challenge to the sufficiency of the jurisdictional allegations in the complaint. "[W]hen this type of attack is mounted, the court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff." Nasoordeen v. FDIC, No. CV 08-05631 MMM (AJWx), 2010 WL 1135888 at *5 (C.D. Cal., Mar. 17, 2010) (citing Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000)).

On a 12(b)(6) Motion to Dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1951).

When a court grants a motion to dismiss, ordinarily "any dismissal[,] . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[,] operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). However, the court may specify that the dismissal is without prejudice to refiling the claim in a separate action. See, e.g., Swaida v. Gentiva Health Services, 238 F. Supp. 2d 325, 328 (D. Mass. 2002) ("dismissal [is] presumed to be with prejudice unless the order explicitly states otherwise"); Seaweed, Inc. v. DMA Product & Design & Marketing LLC, 219 F. Supp. 2d 551, 554 (S.D.N.Y. 2002) (when dismissal "does not operate on the merits" it "should not issue with prejudice"). In addition, the court may grant the plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2).

**B. Standing and Ripeness as a Basis to Dismiss Under FRCP 12(b)(1)**

The Court finds that the Complaint, as currently pled, is insufficient in presenting a live controversy under Article III, §2. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish a "case or controversy," Plaintiff must show an "injury in fact" that is concrete and not conjectural. Lujan, 504 U.S. at 560-61. Similarly, "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated." Texas v. United States, 523 U.S. 296, 300 (internal quotation marks omitted).

Here, Plaintiff's Complaint only states that he was convicted of a prior misdemeanor crime of domestic violence and that this crime had been "expunged" by the State of California. As discussed above, Plaintiff's Complaint does not allege that he ever attempted to purchase a firearm or that he was ever denied. These facts are instead improperly included in Plaintiff's arguments in the Opposition to Defendant's Motion to Dismiss. As discussed in Part II.A., a complaint must plead sufficient facts to establish the Court's jurisdiction to survive a 12(b)(1) motion to dismiss. Here, Plaintiff's complaint does not establish Article III jurisdiction because he fails to allege that he faces any concrete injury in fact or that Defendant may ever attempt to hinder his rights to own a firearm.

Plaintiff has not sought to amend his Complaint. Thus, the Complaint should be dismissed without prejudice for this reason alone.

C. **Jennings as a Basis to Dismiss With Prejudice Under FRCP 12(b)(6)**

Defendant also argues that regardless of whether Plaintiff's additional facts in his Opposition are included in the Complaint, under the Ninth Circuit's recent interpretation of this very issue, Plaintiff's complaint cannot state a claim upon which relief can be granted under FRCP 12(b)(6).

In Jennings, a petitioner sought a review of the Bureau of Alcohol, Tobacco, and Firearms' ("ATF") denial of his application for a renewal of a firearms license. Jennings, 511 F.3d at 896. The petitioner had previously been convicted in California of a MCDV and had his conviction expunged by a 1999 expungement order, similar to the Plaintiff's expungement order in this case. Id. The petitioner argued that under 18 U.S.C. § 921(33)(B)(ii) and because of his expungement

## CERTIFICATE OF SERVICE

I, the undersigned, declare:

On December 22, 2010, I served a copy of the attached

Notice of Appeal

upon the interested parties herein, by causing a true and correct copy of said documents to be enclosed in a sealed envelope and deposited in the United States mail or by third party commercial carrier for delivery within three calendar days, at Somis, California, addressed as follows:

Ira Daves, Esq.
Asst. United States Attorney
312 N. Spring St.
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 22, 2010.

Eugene Baker

**USPS Express Mail Label**

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 93064
Date Accepted: 12/22/10
Time Accepted: 3:16 PM
Flat Rate or Weight: 9.80

Scheduled Date of Delivery: Month 12 Day 23
Scheduled Time of Delivery: 3 PM
Postage: $8.30
Return Receipt Fee: $2.30
COD Fee / Insurance Fee
Total Postage & Fees: $20.60

FROM: (PLEASE PRINT) PHONE (805) 236-3762
Eugene Baker
3742 Groves Pl
Somis, CA 93066

TO: (PLEASE PRINT) PHONE ( )
Clerk of the US District Court
312 N. Spring St, Rm G-8
Los Angeles, CA 90
ZIP+4: 90012

Delivery Date: 12/23 Time: 10:15 AM

RECEIVED
DEC 23 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ MR